IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

)
HENRY ALEXANDER BERRIOS,          )
                                  )
        Petitioner,               )        Criminal Case No. 1:07-cr-81
                                  )        Civil Case No. 1:16-cv-1411
v.                                )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )
                                  )

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Henry Alexander Berrios's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On August 9, 2007, a grand jury sitting in the Eastern District of Virginia charged Petitioner, and five co-defendants, in a four-count indictment for: (1) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C § 1959(a)(5) and (6); (2) conspiracy to commit aggravated assault in aid of racketeering, in violation of 18 U.S.C § 1959(a)(5) and (6); (3) aggravated assault in aid of racketeering, in violation of 18 U.S.C § 1959(a)(3); and (4) attempted murder in aid of racketeering, in violation of 18 U.S.C § 1959(a)(5). The charges stemmed from an October 15, 2005 event in which Petitioner and fourteen fellow gang members, several of whom were juveniles,

stabbed a 15-year-old rival gang member, almost killing him, and attacked his two friends in a Fairfax County mall. Although Petitioner was not wielding the knife, he was at the mall to direct the attack and drive the car that picked up the gang members involved in the stabbing. Several of the juvenile gang members indicated that Petitioner had instructed them to conduct the stabbing and that the attack was carried out to improve their standing as members of MS-13, a violent street gang.

On August 10, 2007, this Court appointed counsel to represent Petitioner. On August 17, 2007, Petitioner was arrested pursuant to an arrest warrant. At his initial appearance on the same day, Petitioner appeared without counsel but with an interpreter. On the same day of his arrest, Petitioner appeared with defense counsel Greg Stambaugh and a Spanish interpreter for his arraignment. Defense counsel filed various motions in limine and a motion to suppress ahead of trial, which were all denied. The jury trial, where Petitioner, defense counsel and a Spanish interpreter were present, took place on December 4, 2007. The trial, during which Petitioner testified on his own behalf, lasted four day. On December 19, 2007, after two days of deliberation, the jury convicted Petitioner on all counts.

The presentence report ("PSR") prepared ahead of Petitioner's sentencing determined that his offense level was 39

and his criminal history category was III. Petitioner's offense level included an enhancement for obstruction of justice for testifying untruthfully. Defense counsel unsuccessfully objected to this enhancement. Petitioner's sentencing guidelines range was 324-405 months of imprisonment. On February 29, 2008, after hearing oral argument from both sides with all parties and a Spanish interpreter present, the Court sentenced Petitioner to 120 months on Count 1; 36 months on Count 2; 240 months for Count 3; and 120 months on Count 4. The Court elected to have the sentences for all but three months of the sentence for conspiracy to commit murder (count 2) to run concurrently with the sentence for attempted murder (Count 3). Petitioner was committed to the custody of the Bureau of Prisons for a total of 243 months, nearly seven years less than the low end of the Guideline's range.

On March 6, 2008, defense counsel, who was reappointed to represent Petitioner on appeal, filed a timely notice of appeal. Petitioner's counsel and access to the transcripts of all trial court proceedings. Petitioner's defense counsel argued that "(i) the evidence was insufficient to support a finding that his actions had the purpose of maintaining or increasing their role in MS-13 or to support a finding that the victim was the object of the crime of violence; and (ii) the district court improperly admitted testimony that on two occasions Petitioner violently

attacked a rival gang member because although the testimony was relevant, Petitioner contended that it was highly prejudicial and thus inadmissible under Federal Rule of Evidence 403. United States v. Berrios, 397 F. App'x 921, 922 (4th Cir. 2010). On October 15, 2010, the Fourth Circuit affirmed Petitioner's conviction, which became final on November 8, 2010.

On October 26, 2016, the Fourth Circuit rejected Petitioner' recently filed motion for leave to file a § 2255 outside of the one-year deadline. On November 8, 2016, Petitioner filed the instant § 2255 motion pro se. This Court ordered the government to respond within 60 days in an order entered on April 11, 2016. On June 9, 2017, this Court granted the government's motion to extend the time to file a response to July 8, 2017. The United States then filed a motion to compel, requesting that defense counsel Greg Stambaugh file an affidavit responding to the petitioner's allegations of ineffective assistance of counsel. The Court granted the motion and also granted a second extension of time to respond, requiring the government to file a response on July 17, 2017. Defense counsel provided his affidavit on July 17, 2017.

Under 28 U.S.C. § 2255, a person may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the

4

sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The party seeking relief bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967). There are multiple reasons why Petitioner is not entitled to relief under § 2255.

First, Petitioner's motion is untimely and dismissal is warranted on statute of limitations grounds alone. A one-year limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); see also United States v. Wilson, 256 F.3d 217, 219 (4th Cir. 2001). Petitioner's conviction became final on November 8, 2010. He filed the instant § 2255 motion on November 1, 2016. As such, his 2016 filing date, which was nearly six years after his conviction became final, fell outside the permissible filing period. The only statutory provision that could make Petitioner' current petition timely is § 2255(f)(4), which sets a one-year deadline from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Yet, Petitioner does not make any allegations in his § 2255 petition that he has recently discovered any previously unknown

facts in his case. Rather, he alleges that he only recently learned of legal arguments that might support a double jeopardy defense or merger-doctrine challenge to his sentence. Yet, the merger challenge is not even a newly discovered legal theory because Petitioner's attorney made a merger-doctrine argument in a brief filed prior to the sentencing hearing. Regardless, neither of Petitioner's "new" legal theories qualifies as "new facts supporting a claim" to toll the statute of limitations.

Even if the discovery of legal arguments unknown to Petitioner within one year of his conviction could be considered newly discovered "facts supporting a claim," §2255 (f)(4) tolls the time for filing to one-year of when the facts "could have been discovered through the exercise of due diligence" not to one-year of when the facts were in fact discovered. A diligent search of case law within one year of Petitioner's conviction being made final would have revealed these arguments.

In addition, Petitioner' claims of ineffective assistance of counsel do not rely on allegations that Petitioner recently discovered any new information about counsel's performance. Instead, Petitioner's ineffective assistance of counsel claims rely on facts that were all known to him well within a year of his conviction. For these reasons, none of the allegations in Petitioner's petition or memo justify resetting the time under which he could file a timely petition under § 2255(f)(4).

Petitioner further argues that his failure to file his motion within the one-year statute of limitations should not act as a procedural bar because his claim should benefit from equitable tolling. For the doctrine of equitable tolling to apply, an otherwise time-barred petitioner has the burden to prove that: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Here, Petitioner does not allege anywhere in his pleadings that any such extraordinary circumstances apply. Instead, he alleges that he could not communicate effectively with his counsel because a language barrier existed and that he only became aware of his present legal argument in October 2016. Yet, both the record and defense counsel's affidavit indicate that Petitioner communicated with his attorney using the assistance of a Spanish interpreter. Accordingly, Petitioner is not entitled to equitable tolling, and there are no bases for justifying Petitioner' filing of the instant petition five years after the deadline provided for under § 2255.

Second, Petitioner contends that his discovery of the double jeopardy challenge and the ineffective assistance of counsel claims demonstrate his actual innocence and—as such—this court ought to grant the requested relief notwithstanding any

statute of limitations bars. To be sure, if the petitioner could prove actual innocence, then his claim would not be time-barred or procedurally defaulted. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). But this exception "applies to a severely confined category" of cases "in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). However, as stated above, there is no new evidence relied on by Petitioner, and certainly none that meets the standard announced in McQuiggin.

Petitioner further alleges that "there has been a miscarriage of justice in my case where a constitutional violation has probably resulted in my conviction . . . I suffer conviction and sentences on double jeopardy charges I am actually innocent of per the US Constitution." Yet, while Petitioner has always asserted his innocence, a jury convicted him after a weeklong trial on the basis of the exact same evidence that is currently before the Court. The fact that Petitioner was unaware of a double jeopardy challenge, as he alleges, therefore, does not show that it is more likely than not that no reasonable juror would have convicted Petitioner. Petitioner' claim of actual innocence is unsupported by any evidence, new or otherwise, or by any allegation in the petition. As such, the unfounded claim of actual innocence is insufficient to overcome

the time-bar. Thus, a dismissal of Petitioner's § 2255 motion would not result in a miscarriage of justice.

Third, because Petitioner did not assert a double jeopardy defense at trial or on appeal, did not appeal his sentence on the basis of the merger doctrine, and did not petition the Supreme Court for certiorari, he procedurally defaulted these challenges to his conviction. Bousley v. United States, 523 U.S. 614, 621-22 (1998). A procedural default may be excused where a person attacking his conviction can establish (1) actual innocence or (2) cause for the default and actual prejudice. Id. To show cause, a petitioner generally must allege some external impediment that prevented the petitioner from constructing or raising the claim. Murray v. Carrier, 477 U.S. 478, 492 (1986).

Here, Petitioner does not allege any external reason for not raising the claims earlier. Rather, he alleges he was not aware the claims were available to him. This is insufficient to show cause. As described above, Petitioner does not even make a colorable claim of actual innocence. His claims therefore fail to overcome the procedural bar. Without an avenue to overcome the procedural default, Petitioner's double jeopardy challenge to his conviction and merger challenge to his sentence are all barred from review under § 2255.

Fourth, while Petitioner's claim of ineffective assistance of counsel is time-barred for the reasons state above, it is

9

also meritless. Petitioner claims that his defense counsel provided ineffective assistance because his counsel (1) did not raise the merger challenge at sentencing, (2) did not effectively communicate with Petitioner or inform him of the facts of his case as a result of a language barrier; and (3) did not raise a double jeopardy challenge at trial. Petitioner's first and second bases are both factually inaccurate and legally insufficient to satisfy either prong of the test in Strickland v. Washington, 466 U.S. 668 (1987). The third basis is meritless.

On the first claim, Petitioner's attorney did, in fact, raise the merger challenge at sentencing, but the Court rejected the argument. Petitioner's allegation of ineffectiveness for not raising the merger challenge thus fails on facts in the record. Further, defense counsel stated in his affidavit that he chose not to pursue the merger challenge on appeal because he could not find law to support the position. It is not ineffective assistance of counsel for an attorney to forego a meritless challenge.

Likewise, Petitioner fails to show prejudice from defense counsel's choice to forego the merger argument on appeal. Under Strickland, prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Defense

counsel's decision not to raise a frivolous appeal did not prejudice Petitioner because a meritless argument would have failed. Yet, even if the merger argument had succeeded, it would not have changed the sentence Petitioner received because the Court imposed concurrent sentences in each of the four counts for all but three months, satisfying, in effect, Petitioner's desired outcome that the Court not impose concurrent sentences. Thus, Petitioner cannot show that he received ineffective assistance of counsel with respect to the merger argument.

Next, Petitioner's ineffectiveness claim because of the language barrier is equally unavailing for lack of proof. There is a strong presumption that counsel provided effectives assistance, and the petitioner has the burden to show otherwise. Id. at 689. As defense counsel notes in his affidavit, he was both able to communicate effectively with Petitioner in English and Petitioner was given the assistance of an interpreter during all hearings and at trial. The docket report for Petitioner's case supports defense counsel's attestation that Petitioner was provided with an interpreter during trial and at key hearings prior to trial. Thus, Petitioner fails to adduce any evidence to show that his counsel was ineffective because of a language barrier.

Finally, Petitioner's ineffectiveness claim based on his attorney's decision not to raise a double-jeopardy claim is also

unavailing. Under Strickland, a strategic choice is all but unreviewable because of the presumption that counsel provided effective assistance. Id. at 690. Under the Blockburger test for double jeopardy claims, none of the four counts on which Petitioner was convicted are lesser included offenses of another because each count has at least one element that is independent. Blockberger v. United States, 284 U.S. 299 (1932). As noted above, an attorney's decision forego a meritless defense is not ineffective assistance of counsel. Thus, all of these bases for Petitioner's ineffective assistance of counsel claims fail to satisfy the Strickland requirements and therefore fail on the merits.

In sum, Petitioner's entire motion is time-barred, several of his claims are procedurally defaulted, and he has failed to show on the merits that he is entitled to habeas relief under § 2255. Thus, his § 2255 motion is DENIED. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~August~~ Sept. 5, 2017